SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
ELLEN M. FITZGERALD (NY 2408805)
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102-3495
Tel: (415) 436-7314
Fax: (415) 436-6748
E-mail: ellen.fitzgerald@usdoj.gov

Attorneys for Defendant United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARTHA THOMPSON and CHRIS THOMPSON,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, and DOES 1 to 50,<br><br>    Defendants. | Case No. C 07-3237 WHA<br><br><u>ANSWER</u> |

Defendant, United States of America, by and through its undersigned attorneys, hereby answers plaintiffs' complaint (the "Complaint") on information and belief as follows:

<u>FIRST CAUSE OF ACTION</u>
(NEGLIGENCE)

1. Neither admits nor denies the allegations in paragraph 1 of the Complaint because they constitute the legal basis for the complaint and/or legal conclusions to which no answer is required.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 2 of the Complaint. Admits the allegation in the

ANSWER
No. C 07-3237 WHA

second sentence of paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 3 of the Complaint.

4. Neither admits nor denies the allegations in paragraph 4 of the Complaint because the allegations are not addressed to defendant, the United States of America, and therefore no response is required.

5. Neither admits nor denies the allegations in paragraph 5 of the Complaint because the allegations are not addressed to defendant, the United States of America, and therefore no response is required.

6. Denies those allegations in paragraph 6 of the Complaint directed to defendant, United States of America. Neither admits nor denies the remaining allegations in paragraph 6 of the Complaint because the allegations are not addressed to defendant, the United States of America, and therefore no response is required.

7. Admits the allegations in the first, second and last sentences of paragraph 7 of the Complaint. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the Complaint regarding Ollis Thompson's medical history and respectfully refers the Court to Mr. Thompson's medical records as the best statement of his medical condition and status at the time of his admission to the Nursing Home Care Unit at the San Francisco VA Medical Center ("Nursing Home Care Unit").

8. Denies the allegations in paragraph 8 of the Complaint except admits that Mr. Thompson was admitted to the Nursing Home Care Unit on June 13, 2006.

9. Denies the allegations in paragraph 9 of the Complaint.

10. Denies the allegations in paragraph 10 of the Complaint except admits that Mr. Thompson was admitted to Marin General Hospital, and he died on October 2, 2006.

11. Denies the allegations in paragraph 11 of the Complaint.

12. Admits the allegations in paragraph 12 of the Complaint.

ANSWER
No. C 07-3237 WHA                           2

SECOND CAUSE OF ACTION
(RECKLESS MISCONDUCT)

13. Defendant restates each and every response set forth above in paragraphs 1 through 12 as if fully set forth herein.

14. Neither admits nor denies the allegation in paragraph 14 of the Complaint because it constitutes the legal basis for the complaint and/or a legal conclusion to which no answer is required.

15. Neither admits nor denies the allegations in paragraph 15 of the Complaint because they constitute the legal basis for the complaint and/or legal conclusions to which no answer is required.

16. Denies the allegations in paragraph 16 of the Complaint

17. Denies the allegations in paragraph 17 of the Complaint.

18. Denies the allegations in paragraph 18 of the Complaint.

19. Neither admits nor denies the allegations in paragraph 19 of the Complaint because they constitute the legal basis for the complaint and/or legal conclusions to which no answer is required except expressly denies that defendant failed to exercise the degree of care that a reasonable person having care and custody of Mr. Thompson would exercise.

20. Neither admits nor denies the allegation in paragraph 20 of the Complaint because it constitutes the legal basis for the complaint and/or a legal conclusion to which no answer is required.

The paragraph beginning with "WHEREFORE" contains plaintiffs' prayer for relief. To the extent that an answer is required, all allegations contained in the prayer for relief are denied.

THIRD CAUSE OF ACTION
(TORT PER SE - - ELDER ABUSE)

21. Defendant restates each and every response set forth above in paragraphs 1 through 20 as if fully set forth herein.

22. Neither admits nor denies the allegation in paragraph 22 of the Complaint because it constitutes the legal basis for the complaint and/or a legal conclusion to which no answer is

ANSWER
No. C 07-3237 WHA                                3

1 required.

2     23.    Neither admits nor denies the allegation in paragraph 23 of the Complaint because it constitutes the legal basis for the complaint and/or a legal conclusion to which no answer is required.

    24.    Admits the allegations in paragraph 24 of the Complaint.

    25.    Denies the allegations in paragraph 25 of the Complaint.

    26.    Neither admits nor denies the allegation in paragraph 26 of the Complaint because it constitutes the legal basis for the complaint and/or a legal conclusion to which no answer is required.

    27.    Denies the allegations in paragraph 27 of the Complaint.

    28.    Denies the allegations in paragraph 28 of the Complaint.

    29.    Neither admits nor denies the allegation in paragraph 29 of the Complaint because it constitutes the legal basis for the complaint and/or a legal conclusion to which no answer is required except expressly denies that defendant's conduct was reckless and/or in conscious disregard of Mr. Thompson's health and welfare..

    30.    Denies the allegations in paragraph 30 of the Complaint.

    31.    Denies that plaintiff is entitled to a jury.  There is no right to a jury trial of claims against the United States arising under the Federal Tort Claims Act. 28 U.S.C. § 2402.

The paragraph beginning with "WHEREFORE" contains plaintiffs' prayer for relief.  To the extent that an answer is required, defendants deny that plaintiffs are entitled to any of the relief prayed for therein.

Any allegation set forth in the Complaint not heretofore answered is specifically denied.

## FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over plaintiffs' claims.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

ANSWER
No. C 07-3237 WHA                                            4

THIRD AFFIRMATIVE DEFENSE

The United States, through its employees and agents acting within the scope of their employment, acted with due care and diligence, in conformity with the applicable standard of care, at all relevant times.

FOURTH AFFIRMATIVE DEFENSE

No acts or omissions by the United States were the proximate cause of any injury to the plaintiffs.

FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' recovery, if any, is limited to the amount sought administratively. 28 U.S.C. § 2675(b).

SIXTH AFFIRMATIVE DEFENSE

In the event the United States is found to have been negligent, which negligence is denied, the superseding and intervening negligence of third parties, for whom the United States cannot be held liable, broke any causal connection between the United States' negligence and the plaintiffs' alleged injury, cutting off the legal effect of the United States' negligence.

SEVENTH AFFIRMATIVE DEFENSE

To the extent that the common or statutory law of the State of California, where the alleged acts or omissions occurred, limits or reduces damages or limits a private defendant's liability or plaintiffs' cause of action, that law applies in this action against the United States to the extent that it is not inconsistent with the Federal Tort Claims Act.

EIGHTH AFFIRMATIVE DEFENSE

In the event plaintiffs are entitled to recover damages from the United States in this action, the United States is entitled to a set-off or credit for any past or future benefits paid to or on behalf of or received by plaintiff from any federal agency program to the extent allowed under federal and state common law and statutory law.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover punitive damages or any other non-compensatory damages against the United States.  28 U.S.C. § 2674.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to the recovery of pre-judgment interest on any award they may obtain from the United States.  28 U.S.C. § 2674.

### ELEVENTH AFFIRMATIVE DEFENSE

In the event that this Court finds the United States is liable to plaintiffs and enters a monetary judgment against the United States, plaintiffs are entitled to post-judgment interest only to the extent provided by law.

### TWELFTH AFFIRMATIVE DEFENSE

Costs may be taxed against the United States only as allowed by 28 U.S.C. § 1920.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages are limited to the damages recoverable under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b); 2671 et seq.  Attorney's fees are taken out of any judgment and are governed by the statute.  28 U.S.C. § 2678.

### FOURTEENTH AFFIRMATIVE DEFENSE

The United States is the only proper defendant in an action arising under the FTCA.  28 U.S.C. § 1346(b)(1).

### FIFTEENTH AFFIRMATIVE DEFENSE

State tort law claims against employees of the United States require a determination as to whether the federal employee was acting within the scope of his/her employment.  If the conduct was within the scope, then the United States should be substituted as the proper party defendant.  28 U.S.C. § 2679(c),(d).

### SIXTEENTH AFFIRMATIVE DEFENSE

Personal capacity suits are not cognizable under the FTCA. 28 U.S.C. § 2679(b)(1).

## SEVENTEENTH AFFIRMATIVE DEFENSE

There is no right to a jury trial under the Federal Tort Claims Act. 28 U.S.C. § 2402.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent plaintiffs may have failed to mitigate their damages, their recovery, if any, must be reduced accordingly.

## NINETEENTH AFFIRMATIVE DEFENSE

Costs may be taxed against the United States only as allowed by 28 U.S.C. § 1920.

WHEREFORE, having fully answered the Complaint against it, the United States respectfully prays that this Court enter judgment in its favor and against plaintiffs, award it costs, and grant such other and further relief as this court deems just and equitable.

Dated: October 5, 2007

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

By:         /s/
ELLEN M. FITZGERALD
Assistant United States Attorney
Attorney for Defendant

ANSWER
No. C 07-3237 WHA                    7