Timothy M. Hamilton (SB#90270)
WALKER, HAMILTON & WHITE
50 Francisco Street, Suite 460
San Francisco, CA 94133-2100
Telephone: (415) 986-3339
Facsimile: (415) 986-1618

Carolyn L. Rosenblatt (SB #83752)
LAW OFFICES OF CAROLYN ROSENBLATT
711 Mission Avenue
San Rafael, CA 94901
Telephone: (415) 459-0413
Facsimile: (415) 459-3682
Attorneys for Plaintiffs

SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
ELLEN M. FITZGERALD (NY 2408805)
Assistant United States Attorney
450 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102-3495
Telephone:   (415) 436-7314
Facsimile:   (415) 436-6738
Email:       ellen.fitzgerald@usdoj.gov
Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Martha Thompson and Chris Thompson, ) | CASE NO.: C 07-03237 WHA |
| ) | |
|     Plaintiffs, ) | JOINT CASE MANAGEMENT |
| ) | STATEMENT |
| vs. ) | |
| ) | |
| United States of America, and DOES 1 to 50, ) | |
| ) | |
|     Defendants. ) | |
| _____ ) | |

Plaintiffs, Martha Thompson and Chris Thompson, and defendant, the United States of America, by and through their undersigned counsel, hereby submit the following Joint Case Management Statement:

**1. JURISDICTION AND SERVICE:** <u>Plaintiffs' Statement</u>: The court has subject matter jurisdiction because plaintiffs' decedent. Ollis Thompson, died as a result of acts of medical malpractice which took place at the federally owned and operated San Francisco Veterans Administration Medical Center Nursing Home Care Unit (VA-NHCU) located in the City and County of San Francisco, State of California, in the Northern District of California. <u>Defendant's Statement</u>: This case involves a claim against the United States for alleged negligence and wrongful death in violation of the Federal Tort Claims Act, 28 U.S.C.§ 1346 <u>et</u> <u>seq</u>., over which this Court has jurisdiction pursuant to 28 U.S.C. § 1346(b)(1).

Defendant, the United States of America has been served and has answered. No other parties remain to be served.

**2. FACTS:** <u>Plaintiffs' Statement</u>: Ollis Thompson, the decedent, is a veteran of the U.S. armed forces. He was admitted to the hospital (VA-NHCU) for routine respite care on June 13, 2006. He had been to respite care several times previously, all without incident. He was a frail 92 year old, but had been actively managed by his son and wife, at home, and at a local adult day health center called Senior Access in Marin County. Mr. Thompson was in no acute distress when he was admitted to VA-NHCU. He was able to attend his day health program, participate in many activities, feed himself and relate to his is family.

This admission to VA-NHCU was quite different from Mr. Thompson's earlier

respite admissions. On June 27, 2006, two weeks after his admission to VA-NHCU, Chris Thompson went to pick up his father. He was in such bad condition that he had to be taken to Marin General Hospital that same day, for admission. His problems when admitted to Marin General were dehydration, malnutrition, decubitus ulcer, aspiration pneumonia and kidney failure and altered mental status. Chris Thompson even found some food lodged in his father's trach tube.

<u>Defendant's Statement</u>: Ollis Thompson was admitted to the San Francisco Veterans Administration Medical Center Nursing Home Care Unit on June 13, 2006 for a respite care stay. Defendant disputes plaintiffs' characterization of Mr. Thompson's medical condition on admission and their allegation that he was in "such bad condition" when he was discharged on June 27, 2006.

**3. LEGAL ISSUES:** <u>Plaintiffs' Statement</u>: Plaintiffs allege that Mr. Thompson received negligent medical care at VA-NHCU, which led to his death on October 2, 2006.

In addition, plaintiffs allege that defendant acted recklessly by failing to follow state and federal regulations and laws regarding nursing care including but not limited to:

    a.    Failure to fully implement of decedent's care plan (California Code of Regulations, title 22, section 72311(a)(2)) et seq.

    b.    Failure to provide nursing services by ensuring the facility is competently staffed, organized and equipped to provide skilled nursing care to patients on a continuous basis (§72309).

    c.    Failure to identify patient care needs (§72311(a)(1)(A)).

    d.    Failure to continually assess the patient's needs (§72311(a)(1)(A)).

      e.      Failure to employ nursing service personnel in at least the number and with the qualifications determined to be necessary in order to provide the necessary nursing services for patients admitted to care (§72329(a)).

      f.      Failure to ensure that the sufficient number of nursing service personnel are on duty in at least the number and with the qualifications to provide the necessary services for patients admitted to care (§72329(a)).

      g.      Failure to employ an adequate number of qualified personnel to carry out all the functions of the facility (§72501(e)).

      h.      Failure to provide for competent supervision of facility staff (§72501(e)).

This conduct as alleged constitutes neglect as defined at California Welfare & Institutions Code §15610.57. Because the neglect was reckless or done with oppression, malice and/or fraud, this action falls within the statutory scope of Welfare & Institutions Code 15673 and this action cannot be considered one based upon professional negligence alone. As a result defendant is subject to heightened civil remedies pursuant to the provisions of California Welfare & Institutions Code section 15657, et seq, including but not limited to attorney's fees and costs.

Finally, plaintiffs allege that defendant's conduct as listed above constitutes a violation of California Penal Code §368, subsections (a) and (b).

<u>Defendant's Statement</u>: Defendant denies liability for all of plaintiffs' claims and states that its agents and employees acted with due care and diligence, in conformity with the standard of care, at all times when caring for Mr. Thompson. Defendant further states that Mr. Thompson's death was

not proximately caused by a negligent wrongful act or omission or breach of the applicable standard of care by an employee of the United States.

**4. MOTIONS:** No motions have yet been made in this case. The parties do not know at this time what motions may be made in the future.

**5. AMENDMENT OF PLEADINGS:** The extent to which parties, claims or defense will be added or dismissed is not known at this time. At this time, defendant does not anticipate an amendment to its answer.

**6. EVIDENCE PRESERVATION:** Plaintiff asks that defendant preserve the original medical records and any other original evidence regarding Mr. Thompson's medical care at VA-NHCU. Defendant has taken affirmative steps to preserve any documents and/or evidence related to this case.

**7. DISCLOSURES:** Plaintiff is serving Initial Disclosures on October 19, 2007. Defendant will serve its initial disclosures pursuant to Fed. R. Civ. Pro. 26 on or before October 23, 2007.

**8. DISCOVERY:** No discovery has been conducted at this time. The proposed discovery plan is as follows:

Written Interrogatories, Requests for Admission and Requests for Production between the parties. Depositions of plaintiffs. Depositions of Plaintiffs' Experts. Depositions of Mr. Thompson's treating physicians. Depositions of family friends who can describe his state of health prior to admission to VA-NHCU. Depositions of nurses and doctors responsible for Mr. Thompson's care at VA-NHCU. Depositions of nurses and doctors responsible for Mr. Thompson's care at Marin General Hospital. Depositions of

personnel who cared for Mr. Thompson at Senior Access in Marin County.

**9. CLASS ACTIONS:** This case is not a class-action matter.

**10. RELATED CASES:** There are no related cases pending.

**11. RELIEF:** Plaintiffs seek $300,000.00 for the wrongful death of Ollis Thompson. Defendant denies that plaintiffs are entitled to any damages.

**12. SETTLEMENT AND ADR:** Plaintiffs are willing to participate in mediation in this matter. Defendant believes that ADR will be helpful after it has conducted some initial discovery, and defendant is amenable to a settlement conference with a magistrate judge or a mediation after completion of appropriate discovery.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:** Defendant does not consent to a magistrate judge for all purposes in this case.

**14. OTHER REFERENCES:** Plaintiffs do not believe that this case is suitable for reference to binding arbitration or the Panel on Multidistrict Litigation. Defendant concurs.

**15. NARROWING OF ISSUES:** Not applicable at this time.

**16. EXPEDITED SCHEDULE:** Mrs. Thompson is in her late 80s. It is requested that the court and defense counsel agree to an earlier trial date because of this fact.

**17. SCHEDULING:** Proposed dates are as follows:

| | |
|---|---|
| Completion of written discovery: | March 25, 2008 |
| Completion of depositions of parties and percipient witnesses: | March 25, 2008 |
| Designation of experts - plaintiffs: | April 23, 2008 |
| Designation of experts - defendants: | May 20, 2008 |

| | |
|---|---|
| Completion of expert depositions: | June 30, 2008 |
| Last day to hear dispositive motions: | August 22, 2008 |
| Pretrial conference: | October 20, 2008 |
| Trial | November, 2008 |

**18. TRIAL:** Plaintiffs request a jury trial and estimate that the trial will take 7 court days. Defendant asserts that plaintiffs are not entitled to a jury trial. There is no right to a jury trial under the Federal Tort Claims Act. 28 U.S.C. § 2402. Defendant anticipates that the bench trial of this case will last three or four days.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:** Plaintiffs have no knowledge of any persons or entities other than themselves who have any interest in this matter.

**20. OTHER MATTERS:** None at this time.

Dated:  October 18, 2007                      WALKER, HAMILTON & WHITE

                                              By:  _____/s/_____
                                              Timothy M. Hamilton
                                              Attorneys for Plaintiffs

Dated:  October 18, 2007:                     SCOTT N. SCHOOLS
                                              United States Attorney

                                              By:  _____/s/_____
                                              Ellen M. FitzGerald
                                              Assistant U.S. Attorney
                                              Attorneys for Defendant