1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  ELLEN M. FITZGERALD (NY 2408805)
   Assistant United States Attorney
4  450 Golden Gate Avenue, Box 36055
   San Francisco, CA 94102-3495
5  Tel: (415) 436-7314
   Fax: (415) 436-6748
6  E-mail: ellen.fitzgerald@usdoj.gov

7  Attorneys for Defendant United States of America

8                 UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11  MARTHA THOMPSON and CHRIS          )
12  THOMPSON,                          )    Case No.  C 07-3237 WHA
                                       )
13           Plaintiffs,               )
                                       )
14  v.                                 )    **SETTLEMENT AGREEMENT
                                       )    AND [PROPOSED] ORDER
15                                     )    APPROVING SETTLEMENT**
                                       )
16  UNITED STATES OF AMERICA, and      )
17  DOES 1 to 50,                      )
                                       )
18                                     )
             Defendants.               )
19                                     )

20                 **SETTLEMENT AGREEMENT**

21       Plaintiffs, Martha Thompson and Chris Thompson, and defendant, United States of

22  America, hereby enter into this Settlement Agreement (the "Agreement"), as follows:

23       1.     The parties hereby agree to settle and compromise Martha Thompson and Chris

24  Thompson v. United States of America, United States District Court for the Northern District of

25  California Case Number C 07-3237 WHA (the "Lawsuit"), under the terms and conditions set

26  forth herein.

27  SETTLEMENT AGREEMENT AND [PROPOSED] ORDER APPROVING SETTLEMENT
28  Case No. C 07-3237 WHA

1    2.    The United States of America agrees to pay plaintiffs the sum of One Hundred

2 Fifteen Thousand Dollars ($115,000.00) (the "Settlement Amount") in full settlement and

3 satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and

4 nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen

5 bodily and personal injuries, damage to property and the consequences thereof, resulting, and to

6 result, from the same subject matter that gave rise to the Lawsuit, including any claims for

7 wrongful death, for which plaintiffs or their heirs, executors, administrators, or assigns, and each

8 of them, now have or may hereafter acquire against the United States of America, its agencies,

9 agents, servants, or employees.

10    3.    Plaintiffs and their heirs, executors, administrators, and assigns hereby agree to

11 accept the Settlement Amount in full settlement and satisfaction of any and all claims, demands,

12 rights, or causes of action of whatsoever kind and nature, arising from, and by reason of any and

13 all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to

14 property and the consequences thereof which they may have or hereafter acquire against the

15 United States of America, its agencies, agents, servants, or employees on account of the same

16 subject matter that gave rise to the Lawsuit, including any future claim for wrongful death.

17 Plaintiffs and their heirs, executors, administrators, and assigns further agree to reimburse,

18 indemnify, and hold harmless the United States of America, its agencies, agents, servants, and

19 employees from any and all such causes of action, claims, liens, rights, or subrogated or

20 contribution interests incident to or resulting from further litigation or the prosecution of claims

21 by plaintiff or her heirs, executors, administrators, or assigns against any third party or against the

22 United States of America, including claims for wrongful death.

23    4. Plaintiffs must obtain at their expense a waiver and release from all other biological or

24 adopted children of Ollis Thompson who have or may have in the future a claim or cause of

25 action against the United States (and its agents, servants, and employees) arising out of the

26 subject matter of the Lawsuit.  The waiver and release must be in favor of the United States (and

27

28 SETTLEMENT AGREEMENT AND [PROPOSED] ORDER APPROVING SETTLEMENT
Case No. C 07-3237 WHA                                    2

1  its agents, servants, and employees).  For purposes of this Stipulation, a claim or cause of action

2  includes, but is not limited to, a claim or cause of action for professional negligence, wrongful

3  death or elder abuse.

4       5.    This Agreement shall not constitute an admission of liability or fault on the part of

5  the United States of America, its agencies, agents, servants, or employees, and is entered into by

6  and between the parties for the purpose of compromising disputed claims and avoiding the

7  expenses and risks of litigation.

8       6.    This Agreement may be pled as a full and complete defense to any subsequent

9  action or other proceeding involving any person or party which arises out of the claims released

10  and discharged by this Agreement.

11      7.    The Settlement Amount represents the entire amount of the compromise

12  settlement.  The parties will each bear their own costs, attorneys' fees, and expenses, and any

13  attorneys' fees or liens owed by plaintiff will be paid out of the Settlement Amount and not in

14  addition thereto.

15      8.    It is also understood by plaintiffs that, pursuant to Title 28 , Section 2678 of the

16  United States Code, attorneys' fees for services rendered in connection with this Lawsuit shall

17  not exceed 25 percent of the Settlement Amount.

18      9.    Payment of the Settlement Amount will be payable to "Hamilton Walker and

19  White LLP Trust Account."

20      10.    Plaintiffs have been informed that payment of the Settlement Amount may take

21  sixty days or more to process, but defendant agrees to make good faith efforts to expeditiously

22  process the payment.

23      11.    The parties agree that should any dispute arise with respect to the implementation

24  of the terms of this Agreement, plaintiffs shall not seek to rescind the Agreement and pursue their

25  original causes of action.  Plaintiffs' sole remedy in such a dispute is an action to enforce the

26  settlement in the United States District Court.  The parties agree that the United States District

27

28  SETTLEMENT AGREEMENT AND [PROPOSED] ORDER APPROVING SETTLEMENT

1   Court will retain jurisdiction over this matter for purposes of resolving any dispute alleging a

2   breach of this Agreement.

3         12.    In consideration of payment of the Settlement Amount and this Agreement,

4   plaintiffs hereby release and forever discharge the United States of America and any and all of its

5   past and present officials, employees, agencies, agents, attorneys, successors, and assigns from

6   any and all obligations, damages, liabilities, actions, causes of action, claims, and demands of

7   any and all nature whatsoever, whether suspected or unsuspected, at law or in equity, known or

8   unknown, arising out of the allegations set forth in the pleadings in the Lawsuit.

9         13.    California Civil Code Section 1542 provides as follows:

10          A general release does not extend to claims which the creditor does
        not know or suspect to exist in his or her favor at the time of
11          executing the release, which if known by him or her must have
        materially affected his settlement with the debtor.

12  Plaintiffs, having been apprised of such language by their attorney, and fully understanding the

13  same, nevertheless waive the benefits of any and all rights she may have pursuant to Section

14  1542 and any similar provisions of federal law.  Plaintiffs understand that, if the facts concerning

15  their injuries and the liability of the defendant for damages pertaining thereto are found

16  hereinafter to be other than or different from the facts now believed to be true, this Agreement

17  shall be and remain effective notwithstanding such difference.

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26

27  SETTLEMENT AGREEMENT AND [PROPOSED] ORDER APPROVING SETTLEMENT
28  Case No. C 07-3237 WHA         4

14.    This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this Agreement has been freely and voluntarily entered into by the parties with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified, amended, or otherwise changed in any respect except by writing, duly executed by all parties and their authorized representatives.

Dated: 9/25/08

MARTHA THOMPSON
Plaintiff

Dated: 9/25/08

CHRIS THOMPSON
Plaintiff

Dated: 9/26/08

WALKER HAMILTON & WHITE LLP

TIMOTHY HAMILTON
Attorney for Plaintiffs

Dated: 10/7/08

JOSEPH P. RUSSONIELLO
United States Attorney

ELLEN M. FITZGERALD
Assistant United States Attorney
Attorneys for Defendant

//
//
//
//

SETTLEMENT AGREEMENT AND [PROPOSED] ORDER APPROVING SETTLEMENT
Case No. C 07-3237 WHA                           5

1

## ~~[PROPOSED]~~ ORDER

2    THE ABOVE SETTLEMENT AGREEMENT IS APPROVED, AND IT IS SO

3  ORDERED.

4

5  Dated: _____October 10, 2008._____

6                                          HON.  W____
                                           United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28